2009 BNH 006
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | Bk. No. 07-11642-MWV |
| | Chapter 11 |
| Richard E. Schatz, | |
|     Debtor | |
| | |
| Richard E. Schatz, | |
|     Plaintiff | |
| | |
| v. | Adv. No. 08-1060-MWV |
| | |
| Imperial Capital Bank, | |
|     Defendant | |

*Carl D. Hanson, Esq.*
LAW OFFICES OF WILLIAM HOWARD DUNN
*Attorney for Plaintiff*

*Bradley M. Lown, Esq.*
COUGHLIN, RAINBOTH, MURPHY & LOWN
*Attorney for Defendant*

*John L. Allen, Esq.*
LAW OFFICES OF JOHN ALLEN & ASSOCIATES
*Attorney for Defendant*

## MEMORANDUM OPINION

      This matter comes[1] before the Court on a motion for summary judgment filed by the Plaintiff/Debtor-In-Possession, Richard E. Schatz (the "Plaintiff"), and a cross-motion for summary judgment filed by the Defendant, Imperial Capital Bank (the "Defendant" or "ICB"). The Plaintiff seeks to set aside Defendant's mortgage on the grounds that it constitutes a preferential transfer pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code. Defendant also brings a motion for relief from the automatic

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8.

stay. Beginning February 11, 2009, the Court held a hearing and took the motions under advisement. For the reasons discussed below, the Plaintiffs' motion for summary judgment is granted, the Defendant's motion for summary judgment is denied, and Defendant's motion for relief from the automatic stay is deemed moot.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

On September 26, 2002, the Plaintiff, purchased real property known as 133 Sunapee Street, Newport, New Hampshire ("the property"). Subsequently, on September 15, 2005, the Plaintiff sought to refinance the property, and executed a promissory note (the "Note"), and mortgage (the "Mortgage") on the property to secure the Note, in favor of ICB. From September 2005 until approximately May 2007, Plaintiff made regular payments on ICB's Note in accordance with its terms. Plaintiff became delinquent on payments in May 2007. ICB recorded its Mortgage on June 21, 2007. On August 2, 2007, Plaintiff filed for chapter 13 bankruptcy. The case was converted to chapter 11 on November 27, 2007. Plaintiff instituted the current adversary proceeding to avoid ICB's Mortgage on the grounds that it constitutes a preferential transfer of the debtor's property within the ninety day period preceding the filing of the

bankruptcy petition. Plaintiff and ICB have filed cross-motions for summary judgment on the issue of whether ICB's Mortgage can be avoided as a preferential transfer. Additionally, ICB has filed a motion for relief from the automatic stay.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, a summary judgment motion should be granted only when "the pleadings, depositions, and answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Genuine," in the context of Rule 56(c), "means that the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting United States v. One Parcel of Real Property, 960 F.2d 200, 204 (1st Cir. 1992)). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). Courts faced with a motion for summary judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

The parties are in dispute as to the following issues in this preference action: (1) when the transfer was made, (2) whether the transfer was made "for or on account of an antecedent debt," (3) whether the transfer was "of an interest of the debtor," and (4) whether the transfer enables ICB to receive more of its claim than it would have absent the transfer under a chapter 7 liquidation.

    I.    **Preferential Transfer under § 547(b)**

Section 1107(a) provides that a debtor-in-possession stands in the shoes of a trustee having essentially all the same powers and duties. 11 U.S.C. § 1107(a). Section 547(b) allows the trustee to

avoid, as a preference:

> any transfer of an interest of the debtor in property -
>
> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made –
>
>   (A) on or within 90 days before the date of the filing of the petition; or
>
>    . . . .
>
> (5) that enables such creditor to receive more than such creditor would receive if –
>
>   (A) the case were a case under chapter 7 of this title;
>
>   (B) the transfer had not been made; and
>
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). "[T]he trustee has the burden of proving avoidability of a transfer under subsection (b) of this section[.]" Id. at § 547(g).

### A. When a Transfer is Made

Courts have held that granting a mortgage in real property is a "transfer of an interest of the debtor in property." Givens v. Countrywide Home Loans, Inc. (In re Jarosz), 322 B.R. 662, 671 (Bankr. E.D. Wis. 2005); Kepler v. Steele (In re Steele), 27 B.R. 474, 478 (Bankr. W.D. Wis. 1983). A "transfer is made" when the transfer takes effect between the parties *"if* such transfer is perfected at, or within thirty days after, such time." (emphasis added) 11 U.S.C. § 547(e)(2)(A). However, when a "transfer" is perfected after thirty days from when the transfer takes effect, the transfer is deemed made "at the time such transfer is perfected." Id. at § 547(e)(2)(B). With respect to real property, a transfer "is perfected when a bona fide purchaser of such property . . . cannot acquire an interest that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(A).

Some transfers are perfected upon making them, while others require additional steps to perfect. Security interests and real property conveyances need steps to perfect. See 5 COLLIER ON BANKRUPTCY ¶ 547.05[1] at 547-88 (15th ed. rev. 2008). Perfection as to real property is defined by state law. In New Hampshire, "[e]very deed or other conveyance of real estate . . . shall not be effective as against bona fide purchasers for value until so recorded." N. H. Rev. Stat. Ann. § 477:3-a. Consequently, a transfer in New Hampshire is perfected when it is recorded.

The transfer of the Mortgage took effect between the Plaintiff and ICB on September 15, 2005. However, ICB did not record the Mortgage until June 21, 2007. Until June 21, 2007, a bona fide purchaser could have recorded a deed to the property and superceded the rights of ICB. Since the Mortgage was not recorded until after thirty days from when the transfer took effect, the transfer is deemed made on June 21, 2007. Collins v. Greater Atlantic Mortgage Corp. (In re Lazarus), 478 F.3d 12, 14-15 (1st Cir. 2007); Schreiber v. Emerson (In re Emerson), 244 B.R. 1, 30-31 (Bankr. D.N.H. 1999); See also Goodman v. So. Horizon Bank (In re Norsworthy), 373 B.R. 194, 198 (Bankr. N.D. Ga. 2007) (the actual transfer may have taken effect when the Mortgage was signed, but since the bank did not perfect it until after the thirty day time period, the transfer is deemed to have occurred on the date of perfection); and Anderson v. DeLong (In re Chicora Group), 99 B.R. 715, 717 (Bankr. D.S.C. 1988) (Mortgage perfected after § 547(e)'s prescribed time period was deemed to have occurred on date of perfection).

### B.    For or on Account of an Antecedent Debt

Another issue in dispute is whether the transfer was actually "for or on account of an antecedent debt." Section 547(c) excludes an otherwise avoidable transfer if the transfer was "intended by the debtor and creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value" and "in fact a substantially contemporaneous exchange." 11 U.S.C. § 547(c)(1). ICB argues that the "transfer" should be deemed a substantially contemporaneous exchange to the signing of the Note and Mortgage, and should not be considered an antecedent debt.

If a transfer must be perfected to be effective, and perfection is delayed, the delayed transfer is on account of an antecedent debt.  See Corn Exchange Nat. Bank & Trust Co., Philadelphia v. Klauder, 318 U.S. 434, 437 (1943) ("the debt, which is effective when actually made, will be made antecedent to the delayed effective date of the transfer"); See also In re Norsworthy, 373 B.R. at 202-204; and Grover v. Gulino (In re Gulino), 779 F.2d 546, 552 (9th Cir. 1985).  Furthermore, the First Circuit has specifically addressed this particular situation before in In re Lazarus, 478 F.3d 12.  There the Court said, "Because of the failure to perfect within 10 days[2], we must treat the property transfer as occurring on recordation . . .; because the debt arose earlier-either . . . when the note was signed or . . . when the funds were disbursed-it is antecedent . . . ."  Id. at 17.  Protection will not be afforded under § 547(c)(1) where a substantial delay has occurred between disbursement and recording.   Id. at 18-19; See also In re Norsworthy, 373 B.R. at 202, 205 (rejecting Defendant's contemporaneous exchange argument when recording occurred eleven months after loan disbursement).  In the instant case, ICB recorded its Mortgage approximately twenty-two months after the parties effectuated their agreement, and provides no explanation for the delay in recording.  Accordingly, the transfer was made "for or on account of an antecedent debt."

      C.      **Interest of the Debtor**

Under the "earmarking doctrine," some courts have held that where funds are received by the debtor but "earmarked" for another, the funds are not the debtor's property and the transfer is not a preference.  See Reigle v. Mahajan (In re Kumar Bavishi & Assocs.), 906 F.2d 942, 944-945 (3d Cir. 1990); and McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enters., Ltd.), 859 F.2d 561, 565 (8th Cir. 1988). The First Circuit has refused to adopt the "earmarking doctrine," and instead has affirmatively held refinancing to be a transfer "of an interest of the debtor."  In re Lazarus, 478 F.3d at 16.  ICB urges this Court to overrule Lazarus and treat this case as one under the "earmarking doctrine."  The Court refuses to do so.

---

[2]Prior to its amendment, 11 U.S.C. § 547(e)(2) prescribed a 10-day limitation on perfecting transfers.  Section 547(e)(2), as it exists now, provides a 30-day limitation on perfecting transfers.

### D. Transfer Enables the Creditor to Receive More of its Claim

Finally, to prove the avoidability of a transfer, the Plaintiff must establish that the transfer "enables such creditor to receive more than such creditor would receive if - (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." § 547(b)(5). A statement declaring that ICB would have received more than it would absent the transfer and in a chapter 7 liquidation serves as a legal conclusion, and is not enough to sustain the Plaintiff's burden of proof. In re Norsworthy, 373 B.R. at 201. Plaintiff has evidenced that ICB's Mortgage is the only encumbrance on the property. See Debtor's Schedule D and Pl.'s Obj. to Def.'s Mot. for Summ. J. at ¶ 11. Without the recording of the Mortgage, the unencumbered property increases the value of the debtor's estate. Pl.'s Obj. to Def.'s Mot. for Summ. J. at ¶ 11. Plaintiff also evidences that absent the transfer, ICB would be treated as an unsecured creditor who would have to share distribution with other unsecured creditors. Under Plaintiff's Plan and a chapter 7 liquidation, the general unsecured creditors will not receive full payment of their claims resulting in ICB's share being less than the total amount of the Mortgage. Pl.'s Disclosure Statement at 9; Pl.'s Mot. for Summ. J. Ex. Statement of Uncontested Facts at ¶ 20; Aff. of Richard E. Schatz at ¶ 4. For the reasons given, the Plaintiff has met his burden of proof in establishing all the elements of § 547(b).

### II. Defenses to Avoidability

Notwithstanding Plaintiff's preferential transfer action, ICB presents various defenses as to why the Court should not avoid the transfer. ICB's arguments are unavailing. ICB argues the transfer cannot be avoided under § 547(c)(2) because the transfer was in payment of a debt incurred in the ordinary course of business. 11 U.S.C. § 547(c)(2). Section 547(c)(2) does not apply to the transfer of a security interest. In re Norsworthy, 373 B.R. at 205. The transfer of the security interest did not itself serve as payment of a debt; it secured the payment of a debt. ICB also raises a defense under § 547(c)(3), which precludes avoidance where a security interest enabled the debtor to acquire the subject property. 11 U.S.C. § 547(c)(3). ICB's loan was not an enabling loan given to the debtor to purchase the property.

The debtor in this case owned the property prior to obtaining the loan from ICB.  ICB further argues against avoidability pursuant to § 547(c)(4), because the transfer provided "new value" to the debtor.  11 U.S.C. § 547(c)(4).  ICB did not give new value when it recorded the Mortgage, but instead secured the payment of an already existing debt.

Finally, ICB insists that the transfer should not be avoided based on the equitable defenses of Waiver and Estoppel.  The Plaintiff cannot be on notice of unperfected liens because § 544(a) statutorily determines that the Plaintiff as debtor-in-possession does not have such notice.  See Maine Nat'l Bank v. Morse (In re Morse), 30 B.R. 52, 54 (B.A.P. 1st Cir. 1983).  As such, the Plaintiff cannot waive or be estopped from claims against liens for which he had no notice until the time of filing.  Further, even the debtor was unaware of ICB's failure to file.  This holding does not affect ICB's claim as to Plaintiff's obligation of the underlying Note.

In sum, the Court finds that there is no genuine issue as to any element of a preferential transfer in accordance with § 547(b).  The Court finds all the elements of a preferential transfer exist in the instant case, and the Mortgage is a preferential transfer subject to avoidance under § 547(b).

## CONCLUSION

For the reasons set out herein, the Court grants Plaintiff's motion for summary judgment, and denies Defendant's cross-motion for summary judgment.  As a result, Defendant's Motion for relief from the automatic stay is moot.  This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.  The Court will issue a separate final judgment consistent with this opinion.

DATED this 18th day of February, 2009, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge